# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:17CR354-1 |
| | ) | |
| JOHN JOSEPH JARRELL | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court upon the Government's motion to revoke pretrial release. (Docket Entry 78.) The Government asserts that Defendant John Joseph Jarrell ("Defendant") has committed offenses in violation of his pretrial release conditions. On March 19, 2018, the undersigned ordered that an arrest warrant be issued for the arrest of Defendant. (Docket Entry 80.) The case was thereafter brought before the court for a hearing pursuant to 18 U.S.C. § 3148(b). At the hearing, the undersigned ordered that Defendant be detained pending further proceedings in this matter.

## I. BACKGROUND

On September 25, 2017, a federal grand jury for this district indicted Defendant on one count of knowingly, intentionally, and unlawfully distributing quantities of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The Government initially moved for pre-trial detention, but withdrew its motion and agreed to certain release conditions including, but not limited to the following:

> (7) The defendant must: . . .
> (a)    submit to supervision by and report for supervision to the Probation Officer as directed.
> (m)    not use or unlawfully possess a narcotic drug or other controlled substances . . . unless prescribed by a licensed medical practitioner.
> (n)    submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing . . . . The defendant must not obstruct, attempt to obstruct, or tamper with the efficacy and accuracy of prohibited substance screening or testing.
> (s)    Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

(Docket Entry 21 at 2.)

On March 16, 2018, the Government moved to revoke pretrial release. (Docket Entry 78.) At the revocation hearing, United States Probation Officer Nathan Bradley, who reviewed Defendant's probation file and supervised Defendant, testified as to Defendant's violations. Officer Bradley testified that he began supervising Defendant on September 27, 2017. Based on Defendant's report that he had last used drugs on September 19, 2017, Officer Bradley referred Defendant to substance abuse treatment. Defendant participated as directed from October, 2017 through December, 2017. In January, 2018 Defendant missed some sessions with his substance abuse counselor; Defendant attended only one session in February, 2018.

On March 6, 2018 Defendant failed to report to the probation officer as directed. On March 13, 2018, Officer Bradley conducted an unannounced field visit at the home of Defendant's girlfriend and co-Defendant. Officer Bradley found Defendant there and ordered Defendant to report to the probation office on March 15, 2018. On March 15, 2018, Defendant reported some forty-five minutes late for his appointment. Defendant was

instructed to submit to a urine test. As Officer Bradley observed the test, he noticed that Defendant appeared to have a device hidden under his clothing intended to adulterate his urine test, that is, to submit a sample of urine that was not Defendant's own. Defendant admitted verbally and in a signed statement that he had used methamphetamine on March 13, 2018 and had attempted to adulterate his urine test on March 15, 2018.

## II. DISCUSSION

A person who has been released pending trial pursuant to 18 U.S.C. § 3142, "and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Once the government initiates a proceeding, the judicial officer that ordered the release can issue an arrest warrant for the arrest of the alleged violator. The alleged violator is brought before the judicial officer. 18 U.S.C. § 3148(b). An order of revocation and detention is entered after a hearing if a judicial officer determines that there is:

> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that--
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

*Id.* § 3148(b)(1)-(2).

First, based upon the evidence presented at the hearing, the court finds that there is clear and convincing evidence that defendant violated the conditions of his release. *United*

3

*States v. Webb*, No. 1:12 CR 65-1, 2012 WL 6162165, at *2 (W.D.N.C. Dec. 11, 2012) (finding that there was clear and convincing evidence that the defendant violated conditions of his release by possessing controlled substances not prescribed by a licensed medical practitioner). Defendant admitted verbally and in a signed statement that he had used methamphetamine on March 13, 2018 and attempted to adulterate his urine test on March 15, 2018. Thus, there is clear and convincing evidence that Defendant violated the conditions of his release.

Next, having considered the information presented, the court finds that Defendant is unlikely to abide by any condition or combination of conditions of release. When he was released in September, 2017, the undersigned reviewed with Defendant the conditions of release and the consequences for violating them. In spite of the seriousness of those consequences, Defendant has been unable to refrain from using drugs. Moreover, through his continued use of illegal narcotics, Defendant poses not only a danger to himself, but also to the community. Therefore, the court will enter an order of revocation and detention.

### III. CONCLUSION

For the reasons stated herein, the Government's motion to revoke pretrial release (Docket Entry 78) is **GRANTED** and Defendant shall be detained pending further proceedings in this matter.

                                                                                  _____
                                                                                  Joe L. Webster
                                                                                  United States Magistrate Judge

April 4, 2018
Durham, North Carolina